PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS TEXIDOR JR., Defendant and Appellant.

No. 6809. Argued January 12, 1938.—Decided February 14, 1938.

*Adolfo García Veve* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

Luis Texidor, Jr., was convicted in the District Court of San Juan of bearing a prohibited weapon. Prior to that he had been convicted of the same offense in the Municipal

Court of Río Grande. On April 29, 1936, the district court issued an order of citation for the defendant to appear in the said court on the 15th of May, 1936, for the trial. In the order was included a statement that the sureties on the bail bond of the defendant should also be cited. This order, of course, was made before the trial and judgment.

The said judgment reads as follows:

"This case having been called for trial, there appeared the district attorney (fiscal) but not the defendant, the marshal then informing that the latter had been legally .cited. The court entered a plea of not guilty for him and proceeded ·on to trial. After hearing the evidence, the court finds defendant guilty ·of the offense of carrying a prohibited weapon, and sentences him to one month in jail and payment of costs. Rendered in open court on May 15, 1936. (Signed Rafael Arjona Siaca, District Judge."

■ On appeal five errors are assigned. The second, third and fourth assignment of error attempt to set up that the court had no right to enter a plea of not guilty and to proceed to trial without the defendant being present.

In the cases of *People* v. *Meléndez*, 47. P.R.R. 799; *People* v. *Colón*, 39 P.R.R. 110 and *Warren* v. *State*, 68 Am. Dec. 214 and note, it is perfectly clear that in slight misdemeanor cases, if the defendant has been duly cited, the court may proceed to trial without the defendant or his attorney being present.

■■ The *Fiscal*, however, agrees with the appellant that the following errors were committed:

1.—In deciding, by the sole statement of the marshal that the defendant had .been legally cited, when the court knew that the defendant had not been personally cited but only his sureties.

"5.—The district court erred in overruling the motion for reconsideration of June 2, 1936, in which it was requested that defendant be given an opportunity to present his evidence."

Section 29 of the Code of Criminal Procedure (1935 ed.) provides as follows:

"After having heard the charge, if the defendant plead 'not guilty' the justice shall proceed as follows:

"  *        *        *        *        *        *        *

"5.—The justice of the peace shall, within five days, transmit the record to the district court, which court, within ten days after its receipt, shall set the day for the trial of the case, and shall issue summons for the prosecuting attorney and for the defendant. . . ."

The Government draws attention to the fact that in all the cited cases of this Court, it has been assumed that a prior citation had been made on the defendant and that this is shown more clearly in the case of *People* v. *González*, 50 P.R.R. 187.

The only doubt that we have had has been whether the statement contained in the judgment was a true reflection of the fact that the marshal had cited the defendant, but we feel bound to hold that this recital did not show a service in due form. Where citation is issued a marshal ought to make a return of having served the defendant personally. The appellant alleges that only the sureties were served and the record shows that the sureties were notified and brought the defendant to court for sentence. In such a situation the burden is on the Government to exclude any doubt of the due citation of the defendant. If the defendant had been present at the trial voluntarily or by citation, any doubt as to the citation or its sufficiency would be waived.

The defendant also filed a motion for reconsideration which the court denied. Even if the case had been a little more doubtful, we think it was an abuse of discretion not to have granted the motion.

The judgment should be reversed and the case sent back for further proceedings not inconsistent with this opinion.

Mr. Justice Córdova Dávila took no part in the decision of this case.